# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FAHAD KHAWAJA, | ) | |
| AND ALL OTHERS SIMILARLY SITUATED | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. |
| ALIA ENTERPRISES, INC. d/b/a MONROE | ) | |
| SHELL d/b/a MONROE TEXACO | ) | |
| d/b/a SHAVER CHEVRON; | ) | |
| CENTERVILLE PETROLEUM, LLC d/b/a | ) | |
| YELLOW ROSE TRAVEL PLAZA; | ) | Jury Demanded |
| BEACH & BEACHES, INC. | ) | |
| d/b/a PORT SHAMROCK; | ) | |
| ALI ROSHAN, INC. d/b/a PRESTON CITGO; | ) | |
| OCEAN PETROLEUM, INC. d/b/a | ) | |
| SOUTH SHORE SHELL; AND, | ) | |
| MEHBOOB ALI MOHAMMED | ) | |
| Defendants. | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, FAHAD KHAWAJA, and all others similarly situated and complain of Defendants Alia Enterprises, Inc. d/b/a Monroe Shell d/b/a Monroe Texaco d/b/a Shaver Chevron; Centerville Petroleum, LLC d/b/a Yellow Rose Travel Plaza; Beach & Beaches, Inc. d/b/a Port Shamrock; Ali Roshan, Inc. d/b/a Preston Citgo; Ocean Petroleum, Inc. d/b/a South Shore Shell; and, Mehboob Ali Mohammed (hereinafter collectively referred to as "Defendants"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1.      This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff Fahad Khawaja ("Plaintiff" or "Mr. Khawaja"), and all others similarly situated, in the course of their employment with the Defendants.

3.      Mr. Khawaja and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4.      This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and state common law.

## II.
## JURISDICTION AND VENUE

5.      Plaintiff, on behalf of himself and Members of the Class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.      This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7.      This Court has supplemental jurisdiction over Texas state law.  Any state law claims to be alleged are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## <u>PARTIES</u>

9.     Plaintiff is a resident of Galveston County, Texas. Plaintiff was an employee of Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint.  Plaintiff worked as a laborer for work weeks of more than forty hours.

10.     The 'Members of the Class' are all current and former non-exempt employees who were employed by Defendants during the three-year period preceding the filing of this complaint. Like Mr. Khawaja, these persons engaged in interstate commerce or in the production of goods for commerce in performing their duties for Defendants.

11.     Defendant, **Alia Enterprises, Inc.** d/b/a Monroe Shell d/b/a Monroe Texaco d/b/a Shaver Chevron, is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479.  This Defendant is an enterprise engaged in interstate commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

12.     Defendant, **Centerville Petroleum, LLC** d/b/a Yellow Rose Travel Plaza, is a validly existing Texas limited liability company.  This Defendant may be served by serving its member, Mr. Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479. This Defendant is an enterprise engaged in interstate commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

13.     Defendant, **Beach & Beaches, Inc.** d/b/a Port Shamrock, is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479. This Defendant is an

3

enterprise engaged in interstate commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

14.     Defendant, **Ali Roshan, Inc.** d/b/a Preston Citgo, is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479. This Defendant is an enterprise engaged in interstate commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

15.     Defendant, **Ocean Petroleum, Inc.** d/b/a South Shore Shell, is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479.  This Defendant is an enterprise engaged in interstate commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

16.     Defendant, **Mehboob Ali Mohammed**, is an individual who may be served with summons at his residence at 24 Sunset Park Lane, Sugar Land, Texas 77479, or wherever else he may be found.  This Defendant is an individual engaged in interstate commerce or the production of goods for commerce, and he has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Class.

17.     Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time

such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## CLASS ALLEGATIONS

18.     Plaintiff files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

19.     The class that Plaintiff seeks to represent may be described as follows:

> **All current and former non-exempt salaried and hourly gasoline station and convenience store employees ("Clerks") who were employed by the Defendants during the three-year period preceding the filing of this complaint.**

20.     Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

21.     Persons choosing to opt-in will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

22.     This action is appropriate for collective action certification because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff class.

## V.
## FACTS

23.     At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

24.     For purposes of this action, the "relevant period" is defined as the period commencing on the date three years prior to the filing of this action, and continuing thereafter.

25.     Defendants employed Plaintiff from November 15, 2010 to May 13, 2011.

26.     During this period of his employment, Plaintiff worked as a Clerk.

27.     From November 15, 2010 until May 8, 2011, Plaintiff worked for the Defendants at their franchised "Shell" gasoline station and convenience store doing business as "Monroe Shell", located at 8528 Gulf Freeway, Houston, Texas 77017.

28.     From May 9, 2011 until May 14, 2011, Plaintiff worked for the Defendants at their franchised "Texaco" gasoline station and convenience store doing business as "Monroe Texaco", located at 8450 Gulf Freeway, Houston, Texas 77017.

29.     Defendants agreed to pay Plaintiff $8.50 per hour during his period of employment with Monroe Shell, and $9.00 for his employment at Monroe Texaco.

30.     As a Clerk, Plaintiff's job duties included ringing up sales, stocking inventory, and tending to customers' requests for purchases of gasoline and / or grocery items.

31.     In this capacity, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

32.     During all or part of the past three years, while working for the Defendants as a Clerk, Plaintiff has been required to work overtime hours in excess of 40 hours worked during each and every seven-day workweek.

33.     During these hours worked, Plaintiff has performed the function of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

34.     Plaintiff typically worked for the Defendants during the evening shift from 3:00 p.m. until 12:00 a.m., seven days a week.

35.     As such, Plaintiff typically worked a total of 63 hours a week for the Defendants.

36.     Plaintiff did not receive a lunch or other break, and he was expected to eat his meals during his shift.

37.     Defendants failed to pay overtime wages to Plaintiff for all overtime hours he worked.

38.     Defendants employ other Clerks that perform the same or similar duties as the Plaintiff.

39.     During at least the past three years, all of the Clerks at all business locations owned and / or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

40.     Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq*., for which they were not paid.

41.     Defendant Alia Enterprises, Inc. owns (or operates), or has owned (or operated), the following gasoline stations / convenience stores: 1) "Monroe Shell", located at 8525 Gulf Freeway, Houston, Texas 77017; 2) "Monroe Texaco", located at 8450 Gulf Freeway, Houston, Texas 77017; and 3) "Shaver Chevron", located at 4120 S. Shaver, Houston, Texas 77034.

42.     Defendant Alia Enterprises, Inc. owns (or operates), or has owned (or operated), one or more gasoline stations and/or convenience stores in addition to "Monroe Shell", "Monroe Texaco", and "Shaver Chevron".

43.     The sole owner of Alia Enterprises, Inc. is Defendant Mehboob Ali Mohammed.

44.     Defendant Centerville Petroleum, LLC owns (or operates), or has owned (or operated), the following gasoline station / convenience store: "Yellow Rose Travel Plaza", located in Madisonville, Texas.

45.     Defendant Centerville Petroleum, LLC owns (or operates), or has owned (or operated), one or more gasoline stations and/or convenience stores in addition to "Yellow Rose Travel Plaza".

46.     Defendant Mehboob Ali Mohammed is either the sole owner of Centerville Petroleum LLC, or shares an ownership interest in the entity with Messrs. Noordin Jhaver and Sameer M. Hudda.

47.     Defendant Beach & Beaches, Inc. owns (or operates), or has owned (or operated), the following gasoline station / convenience store: "Port Shamrock", located at 105 Highway 146 South, La Porte, Texas 77571.

48.     Defendant Beach & Beaches, Inc. owns (or operates), or has owned (or operated), one or more gasoline stations and/or convenience stores in addition to "Port Shamrock".

49.     Defendant Mehboob Ali Mohammed is either the sole owner of Beach & Beaches, Inc., or shares an ownership interest in the entity with Mr. Adnan K. Jaffar.

50.     Defendant Ali Roshan, Inc. owns (or operates), or has owned (or operated), the following gasoline station / convenience store: "South Shore Shell", located at 3390 FM 518, League City, Texas 77573.

51.     Defendant Ali Roshan, Inc. owns (or operates), or has owned (or operated), one or more gasoline stations and/or convenience stores in addition to "South Shore Shell".

52.     The sole owner of Ali Roshan, Inc. is Defendant Mehboob Ali Mohammed.

53.     At these and other businesses, Defendants employ other Clerks who perform the same or similar duties as the Plaintiff.

54.     During at least the past three years, all of the Clerks at all business locations owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

55.     Defendants required Plaintiff, and all others similarly situated, to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were not paid.

56.     In addition to not being paid overtime wages, Defendants have failed to pay Plaintiff his last paycheck, which includes 53 hours worked at Monroe Shell during a 7-day workweek, and 41 hours worked at Monroe Texaco during a 7-day workweek interrupted by Plaintiff's untimely job termination. Both of these weeks include unpaid straight-time and overtime wages.

## VI.
## FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

57.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

58.     Plaintiff and all others similarly situated are considered non-exempt employees.

59.     Plaintiff and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

60.     During Plaintiff's employment, he routinely worked more than 40 hours a week.

61.     Defendants did not pay Plaintiff and all others similarly situated, their entitled overtime pay for those hours they worked in excess of 40 per week.

62.     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

63.     Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

64.     Defendants do not possess accurate, complete and contemporaneous employee payroll records indicating the number of hours worked per workweek by Plaintiff and by all other similarly situated employees.

65.     Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

66.     No exemption excused the Defendants from paying Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

67.     Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff and to all others similarly situated.

68.     Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

69.     Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

70.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

71.     By withholding Plaintiff's wages earned during the respective periods of his employment, Defendants have breached their agreement to timely pay straight-time and overtime wages earned.

72.     Plaintiff therefore sues for his unpaid wages and all additional damages allowed for Defendants' breach of their agreement.

### THIRD CLAIM FOR RELIEF
**(Claim for unpaid wages under the
Texas Labor Code, Chapter 61)**

73.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

74.     By withholding Plaintiff's wages earned during the respective periods of his employment, Defendants have violated Texas Labor Code, Chapter 61, *et seq*, which specifically requires the employer to pay its employees all of their wages earned.

75.     Plaintiff therefore sues for unpaid wages and all additional damages allowed under the Texas Labor Code, Chapter 61, *et seq*.

### VII.
### FLSA COLLECTIVE ACTION ALLEGATIONS

76.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

77.     Other employees have been victimized by Defendants' pattern, practice, and policy that is in violation of the FLSA.

78.     Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

79.     Other, similarly situated employees are being denied their lawful wages.

80.     Accordingly, each Defendant's pattern and practice of failing to pay the employees' overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

81.     Thus, Plaintiff's experience is typical of the experience of the members of the class.

82.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

83.     All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

84.     Although the amount of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85.     All current and former persons employed by Defendants' businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII.
### ATTORNEYS' FEES

86.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

87.     Plaintiff, and all others similarly situated, seek to recover attorneys' fees and costs

for bringing this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## IX.
## DEMAND FOR A JURY TRIAL

88.     Plaintiff, and all others similarly situated, demand that the trial of this matter be held before a jury of their peers, and that such jury make determinations of each factual dispute arising in this litigation.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff FAHAD KHAWAJA and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a.     Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b.     Enjoin Defendants from failing to pay Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day workweek.

c.     Order Defendants to pay Plaintiff, and all others similarly situated, overtime wages for hours worked during the relevant period, together with an equal amount as liquidated damages.

d.   Order Defendants to pay Plaintiff all unpaid wages as allowed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; the Texas Labor Code, Chapter 61, *et seq*.; and state common law.

e.   Order Defendants to pay Plaintiff and all other similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

f.   Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

g.   Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff, and to all other similarly situated employees of Defendants.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:      /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Freeway, Suite 1920
Houston, Texas 77074
Telephone:     (713) 223-1300
Facsimile:     (713) 255-0013

**ATTORNEY FOR PLAINTIFF**
**FAHAD KHAWAJA**